UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:10-cr-00265-RCL-3 |
| | ) | |
| SAQUON K. BETHEA, | ) | |
| Defendant. | ) | ECF |

**GOVERNMENT'S RESPONSE TO COURT'S ORDER, DOCKET ENTRY NO. 246
REGARDING PROBATION OFFICE ANALYSIS**

*COMES NOW*, the United States of America to respond to the United States Probation Office's Memorandum on Resentencing Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 245, pursuant to the Court's Order of May 24, 2016, D.E. No. 246. Defendant is ineligible for a sentence reduction because of the "wired" plea agreement he made under Fed.R.Crim.P. 11(c)(1)(C). As set forth in the government's previous opposition to defendant's pending sentence reduction motion, this specific "wired" Rule 11(c)(1)(C) agreement's terms foreclose granting defendant's motion. This is consistent with the points made in the USPO memorandum. In further support whereof, the United States respectfully submits as follows:

1. Before the Court is defendant's motion under 18 U.S.C. § 3582(c), originally brought *pro se* and later supplemented by counsel. The motion seeks a reduction in sentence based upon Amendments 782 and 788 to the United States Sentencing Commission Guidelines Manual, the amendments often being colloquially called "All Drugs Minus Two." See D.E. Nos. 227, 243. The government previously opposed defendant's *pro se* motion, D.E. No. 242, and opposes the supplemented motion. Defendant is ineligible for a sentence reduction because his current 84-month sentence was based upon the terms of his "wired" Rule 11(c)(1)(C) plea agreement, rather than a sentencing guideline range that has been retroactively lowered by a subsequent

˘1˘

guidelines amendment. Therefore, defendant's claim for a reduced sentence runs into the proscription in U.S.S.G. § 1B1.10 that "a reduction in the defendant's term of imprisonment is . . . not authorized" if Amendments 782 and 788 are not "applicable to the defendant[.]" Logically, when a sentence is based upon the specific terms of a Rule 11(c)(1)(C) plea agreement, which stipulate a particular sentence independent of the sentencing guidelines, as opposed to a being based upon a sentencing guideline range, no amendment to any guideline range can be applicable to that defendant. See United States v. Santana-Villanueva, No. 1:08-cr-00374-RCL-4, – F.Supp.3d --, (D.D.C. Nov. 17, 2015), available at 2015 WL 7274025. According to the Federal Bureau of Prisons Inmate Locater website, https://www.bop.gov/inmateloc/, defendant's current (pre-motion projected release date is March 2, 2017.[1]

2.      Defendant's *pro se* motion contends that he is eligible for a sentence reduction to a term as short as 70 months, presumably based upon the PSI's statement that, but for defendant's Rule 11(c)(1)(C) plea agreement, his range would be calculated based upon a total offense level of 23, Criminal History Category V, and a resulting range of 84 to 105 months. This was based upon the sentencing guidelines in effect at the time.

3.      Earlier in the litigation over defendant's sentence reduction motion, the USPO prepared a Memorandum on Resentencing Pursuant to 18 U.S.C. § 3582(c)(2), D.E. No. 245. This

---

[1] Even when defendant is deemed eligible for a U.S.S.G. Amendments 782/788 sentence reduction, the Court possesses the discretion to deny one, based upon the sentencing factors set forth in 18 U.S.C. § 3553. See United States v. Butler, Nos. 1:89-cr-00162-RCL-2 & 1:89-cr-00162-RCL-4, -- F. Supp.3d – (D.D.C. Sept. 16, 2015), available at 2015 WL 5513484. The government's previous opposition to defendant Bethea's motion did not argue that, if defendant were eligible for a sentence reduction, the Court should exercise its discretion to decline to grant him one. This response does not make such an argument either. There appears to be no dispute that governing law under § 3582(c) and U.S.S.G. § 1B1.10 precludes defendant's sentence from being reduced to a prison term of less time than 70 months, a year and two months shorter than his present sentence.

Butler, of course, does not deal with Rule 11(c)(1)(C) plea agreements, but does clearly state that when a defendant is eligible for a sentence reduction, the Court has the discretion to decline to grant a sentence reduction motion nevertheless.

is done in every case in which a defendant has advanced a claim for a reduced sentence premised upon U.S.S.G. Amendments 782 and 788. Something similar was done for many dozens of cases during two rounds of earlier sentence reduction litigation involving amendments to U.S.S.G § 2D1.1, the guideline usually governing crimes involving illegal drugs or controlled substances. In its resentencing analysis, the USPO concluded that, under the Guidelines Manual's 2015 edition, which reflects U.S.S.G. Amendments 782 and 788, defendant's total offense level would be 21 – that is, two levels fewer than his previous total offense level of 23. With the same Criminal History Category V, the USPO concluded that defendant would face a guideline range of 70 to 87 months in prison. Thus, defendant's current 84-month prison sentence would be a sentence in that revised range, of course.

   4. The USPO analysis goes on to state:

> Review of available records does not necessarily support a sentence reduction . . . . The defendant pled guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and the plea agreement was "wired" to the plea agreements of four additional codefendants. . . . The agreement is silent as to a specific computation and analysis, although the agreement sets forth non-specific drug quantity ranges of 28 to 112 grams of cocaine base and 500 grams to two kilograms of cocaine.
>
> The Court accepted the plea agreement and imposed the agreed upon sentence of 84 months imprisonment which was the bottom of the previously applicable guideline range. Pursuant to Amendment 782 to the United States Sentencing Guidelines, Mr. Bethea's applicable guideline range is reduced to 70 months to 87 months imprisonment. The agreed upon and imposed term remains within the amended guideline range.

D.E. No, 245 at 2.

   5. In responding to the USPO analysis, the government must first observe that the USPO deserves full marks for its exceptional diligence, dedication, and professionalism, both as shown in this case, and in more than 150 other cases that have arisen or will arise in this Court.[2]

---

[2] In addition to Ms. Gennine Hagar, USPO chief, and her former deputy, Ms. Shari McCoy, recently retired

6.      Second, the USPO is a neutral arbiter whose analysis is performed for the Court and not one of the litigants. Therefore, circumspection and diplomacy constrain the USPO's submission of analyses such as these. The government's opposition to defendant's sentence reduction motion is wholly consistent with the USPO analysis. That opposition takes the USPO analysis one step further, because as an active litigant the government is free to advocate its position that defendant is ineligible for a sentence reduction. The USPO's position also reflects the considerable complexity of the issues confronting any Court in this jurisdiction deciding a claim for a 3582(c) sentence reduction motion when the claiming defendant's sentence reflects a plea agreement made under Rule 11(c)(1)(C). That was the question confronting the United States Supreme Court in Freeman v. United States, -- U.S. -- , 131 S.Ct. 2685 (2011), and it produced three different opinion, none of which commanded a full majority. As a result, in this Circuit, United States v. Epps, 404 U.S.App.D.C. 39, 707 F.3d 337 (D.C. Cir. 2013), governs whether defendants who enter into 11(c)(1)(C) plea agreements are eligible for sentence reductions under 18 U.S.C. § 3582(c)(2). See also *In re* Sealed Case, 406 U.S.App.D.C. 100, 722 F.3d 361, (D.C. Cir. 2013). In particular, Epps concluded that the eligibility of a Rule 11(c)(1)(C) defendant for a 3582(c) sentence reduction should be determined based upon Freeman's "plurality opinion." The Epps view is an alternative to the analysis indicated in a concurring opinion by Justice Sotomayor. Justice Sotomayor's opinion asserted that a Rule 11(c)(1)(C) agreement is "based on" the Guidelines only if the agreement either (1) explicitly "call[s] for the defendant to be sentenced within a particular Guidelines range" or (2) "make[s] clear that the basis for the specified term is a

---

from federal service, especially well earned praise for their efforts belongs to Ms. Deborah Stevens-Panzer and Ms. Kathie McGill, who are doing the nuts-and-bolts labors. Before leaving for another position in a different jurisdiction, Ms. Megan Noe Chester also did outstanding work on these sorts of analyses. Undersigned counsel apologizes if others worthy of recognition have been omitted, but these five individuals singularly warrant kudos.

Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty" and "that sentencing range is evident from the agreement itself." Aside from this Circuit's Epps ruling, the other circuits have followed Justice Sotomayor's concurrence. See United States v. Rivera-Martinez, 665 F.3d 344, 348 (1st Cir. 2011); United States v. White, 429 Fed. App'x 43, 47 (2d Cir. 2011) (unpublished); United States v. Thompson, 682 F.3d 285, 289 (3d Cir. 2010); United States v. Brown, 653 F.3d 337, 338 (4th Cir. 2011); United States v. Smith, 658 F.3d 608, 611 (6th Cir. 2011); United States v. Dixon, 387 F.3d 356, 359 (7th Cir. 2012); United States v. Browne, 698 F.3d 1042, 1045 (8th Cir. 2012); United States v. Austin, 676 F.3d 924, 927 (9th Cir. 2012); United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013); United States v. Lawson, 686 F.3d 1317, 1321 n.2 (11th Cir. 2012).

7. Consequently, judicial precedent from outside this Circuit has only limited application to cases of defendant's sort, and the precedent from this Circuit is scarce, although an increasing number of District Judges are having to confront the issue. In recognition of this, the USPO's analysis is most praiseworthy for its prudent circumspection as well as for its professionally competent quality. The government's opposition builds upon the USPO analysis and carries it a step further forward. So should the Court do, by denying defendant's motion.

**WHEREFORE**, the United States respectfully prays this Honorable Court to accept this response as complying in full with the Court's order and to deny defendant's *pro se* motion for a sentence reduction.

        Respectfully submitted,

         /s/ *Channing D. Phillips*
        CHANNING D. PHILLIPS, D.C. Bar No. 415793
        United States Attorney for the District of Columbia

        /s/ *Leslie Ann Gerardo*

> LESLIE ANN GERARDO, D.C. Bar No. 419823
> Chief, Special Proceedings Division
> (202) 252-6603
> Leslie.Gerardo@USDoJ.Gov
>
>  /s/ *Barry Wiegand*
> BARRY WIEGAND, D.C. Bar No. 424288
> Assistant United States Attorney
> Special Proceedings Division,
> 555 Fourth Street, N.W.,
> Washington, D.C. 20530
> (202) 252-7723
> William.B.Wiegand@USDoJ.Gov

### **CERTIFICATE OF SERVICE**

I certify that I caused service of the foregoing to be made through the Court's ECF system. Further, on or before Tuesday, June 7, 2016. Defendant's postal address is Inmate Saquon Bethea, Reg. No. 39239-007, FCI Cumberland, Federal Correctional Institution, Post Office Box 1000, Cumberland, Maryland 21501 which is the information I obtained on Sunday, June 5, 2016, from the Federal Bureau of Prisons Inmate Locater Website http://www.bop.gov/inmateloc/.

>  /s/ *Barry Wiegand*
> BARRY WIEGAND