FILED
JUL 20 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
UNITED STATES OF AMERICA    )
                            )
    v.                      )
                            ) Criminal No. 10-265-3 (RCL)
SAQUON BETHEA,              )
                            )
        Defendant.          )
                            )

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Saquon Bethea's motion [227], seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and based upon the retroactive application of Amendment 782 to the U.S. Sentencing Guidelines. After considering the motion, the government's response [241], the federal public defender's filing [243], the entire record herein, and the applicable law, the Court finds Bethea's original sentence was not based on a subsequently-lowered Sentencing Guidelines range and that he is therefore ineligible for a sentence reduction under § 3582(c)(2). Accordingly, the Court will **DENY** his motion.

**BACKGROUND**

On September 13, 2011, a grand jury in the District of Columbia returned a superseding indictment charging Bethea and three co-defendants with drug-related crimes. PSR ¶ 9. Specifically, Bethea was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base. *Id.* On September 23, 2011, Bethea pled guilty to this charge. *Id.* at ¶ 15.

1

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties entered into a written plea agreement, which established 84 months imprisonment as Bethea's appropriate sentence. PSR ¶ 18; Plea Agreement ¶ 3, ECF No. 142. This plea agreement was "wired" to Bethea's three co-defendants, meaning that if any one of his three co-defendants failed to enter into his plea agreement, then the government could withdraw or void Bethea's agreement entirely. Plea Agreement ¶ 6. That, however, did not happen: all four co-defendants pled guilty, and on February 28, 2012, and Court sentenced Bethea to 84 months imprisonment in accordance with the prison term negotiated in his plea agreement. *See* ECF No. 187, at 2. Before doing so, the Court calculated his Sentencing Guidelines range to be 84 to 105 months. ECF No. 227-3.

In his present motion, Bethea asks the Court to reduce his 84-month sentence to 70 months pursuant to 18 U.S.C. § 3582(c)(2). Although generally speaking a court may not modify a term of imprisonment once it has been imposed, § 3582(c)(2) provides an exception. *See Dillon v. United States*, 560 U.S. 817, 824 (2010) ("Section 3582(c)(2) establishes an exception to the general rule of finality."). Under this statutory provision, a court may be authorized to modify a prison term where the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On April 30, 2014, the U.S. Sentencing Commission submitted to Congress Amendment 782 of the U.S. Sentencing Guidelines, proposing a downward revision to sentencing ranges for drug trafficking offenses. The Commission then passed Amendment 788 to allow Amendment 782's revisions to be applied retroactively. On November 1, 2014, Amendment 782 and its retroactive application became effective, and Bethea now argues that these amendments authorize the Court to reduce his sentence to as low 70 months. For the reasons stated below, the Court will deny Bethea's motion, finding

2

that it lacks the authority to reduce his sentence because the original sentence was not "based on" a sentencing range that has been subsequently lowered by the Sentencing Commission.

**DISCUSSION**

Because Bethea's original sentence was not "based on" a subsequently lowered sentencing range, he is ineligible for a sentence reduction under § 3582(c)(2). In order for the Court to have the authority to reduce a defendant's sentence under § 3582(c)(2), the defendant must satisfy two basic eligibility requirements: his sentence must have been "'based on' a subsequently-lowered guideline range, [and] . . . the sentence reduction [must be] consistent with U.S.S.G. § 1B1.10, the policy statement governing § 3582(c)(2) proceedings." *In re Sealed Case*, 722 F.3d 361, 366 (D.C. Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

In considering these requirements, it is often difficult to assess whether or not a sentence was "based on" a specific sentencing range when a defendant and the government entered into a plea agreement and the Court imposed the sentence contained in that agreement. When conducting this analysis, the D.C. Circuit has ruled that "the focus . . . ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement." *United States v. Epps*, 707 F.3d 337, 353 (D.C. Cir. 2013) (citation omitted)). Further, "a defendant's sentence is 'based on' a subsequently-lowered guideline range 'to whatever extent' that range was a relevant part of the analytic framework the judge used to determine the sentence." *In re Sealed Case*, 722 F.3d 361, 366 (D.C. Cir. 2013) (citing *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011)).

To more fully understand the contours of *Epps*'s "based on" standard, this Court looks in part to *United States v. Gross*, Crim. No. 10-0036, ECF No. 52 (D.D.C. Feb. 2, 2016) (Friedman, J.). In that case, the defendant similarly brought a motion for a sentence reduction under §

3

3582(c)(2) years after receiving the sentence originally agreed to in his plea agreement. In *Gross*, the Court found that the defendant's sentence was not "based on" on any specific sentencing range, even though the sentence was within the Guidelines range the judge calculated before imposing his sentence. Judge Friedman reasoned that "the Court's [previous sentencing] decision to accept the plea agreement was not based on the Sentencing Guidelines . . . because the plea agreement was a global resolution of *all* the pending charges against [the defendant] in both federal and local courts." *Id.* at 9 (emphasis in original). Importantly, the Court came to that decision even after it calculated the defendant's relevant "sentencing range under the Guidelines as required by law." *Id.* at 4 (citing *United States v. Duvall*, 701 F.3d 479, 483 (D.C. Cir. 2013)). As a result, the Court ruled that it did not have the authority to reduce the defendant's sentence under § 3582(c)(2). *Id.*

Bethea's case is in many ways similar. Like the defendant in *Gross*, Bethea's sentence was not based on the Guidelines range the Court calculated before imposing its sentence. Instead, the Court accepted a proposed sentence that arose out of private and particular negotiations designed to globally resolve all the charges brought against Bethea and his three co-defendants. Indeed, as Bethea's plea agreement was "wired" to other his co-defendant's proposed agreements, the government presumably negotiated and ultimately settled on the terms of Bethea's plea agreement, including his 84-month sentence, not with an eye towards the Sentencing Guidelines but in an effort to simultaneously obtain guilty pleas from Bethea and all three of his co-defendants.

This interpretation is supported both by the text of the plea agreement itself and by Bethea's presentencing report. Paragraphs three and fourteen of Bethea's plea agreement work together to clearly demonstrate that the 84-month prison term was not based on a Sentencing Guidelines range. First, paragraph three reads, "[t]he Government and your client agree that a sentence of 7 years (84 months) of imprisonment is the appropriate sentence for this offense." Plea Agreement ¶ 3,

4

ECF No. 142. Next, paragraph fourteen states: "If your client is sentenced upon consideration of the Sentencing Guidelines, *rather* than pursuant to paragraph three of this agreement, the following terms apply . . . ." *Id.* at ¶ 14 (emphasis added). In other words, paragraph fourteen indicates that Bethea's 84-month sentence was based on an agreement with the government and not upon consideration of the Guidelines—despite the fact that the Guidelines were generally invoked and the Court calculated Bethea's Guidelines Range before imposing a sentence. *See United States v. Duvall*, 705 F.3d 479, 483 (D.C. Cir. 2013) (citing 18 U.S.C. § 3553(a)(4), U.S.S.G. § 6B1.2(c)) (stating that sentencing courts are required by law to calculate a defendant's Guidelines range before imposing a sentence).

In addition to the plain text of the plea agreement, the presentencing report interprets the basis for Bethea's prison sentence in the same way. It states, specifically, "Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that a sentence of seven years (84 months) imprisonment is the appropriate sentence in this case; and the *otherwise* applicable statutory and Sentencing Guideline provisions are applicable to any fines or terms of supervised release the Courts may impose." PSR ¶ 18 (emphasis added). This excerpt shows that in the view of the probation office, the prison term contained in Bethea's plea agreement—and the term that the Court ultimately imposed—was not based on the Sentencing Guidelines. Indeed, according to this passage, the Sentencing Guidelines applied to supervised release and to fines, but not to the defendant's prison term, which was set by a private agreement between the parties.

Although the plea agreement tends to show that government and the defendant did not focus on the Sentencing Guidelines when negotiating a prison term, the relevant legal analysis must look to why the *judge* accepted the plea and ultimately imposed the sentence. *United States v. Epps*, 707 F.3d 337, 351 (D.C. Cir. 2013) ("[W]hen there is a Rule 11(c)(1)(C) plea agreement,

5

ought to be on the reasons given by the district court for accepting the sentence that it ultimately imposed, not on the parties' agreement." (citation omitted)). Unlike *Epps* and *In re Sealed Case*, 722 F.3d 361 (D.C. Cir. 2013), however, the defendant points to no evidence in the sentencing transcript or otherwise to suggest the sentencing judge imposed his sentence with reference to the Guidelines. *See Epps*, 707 F.3d at 351 (focusing on the text of defendant's plea agreement and the judge's statements at the sentencing hearing to determine the "Guidelines formed the basis for [defendant's] sentence); *In re Sealed Case*, 722 F.3d at 365-66 (explaining that the district court's statements at the defendant's sentencing hearing made it clear that the "guideline range was the basis for his sentence"); *see also United States v. Barajas,* 2016 WL 1328095, Crim. No. 11-148 (ESH) (Apr. 5, 2016) ("[C]ourts in this Circuit have found three sources of evidence for determining the connection between a Rule 11(c)(1)(C) sentence and the Guideline range: sentencing hearings, plea hearing, and the text of the plea agreement."); *United States v. Moon*, Crim. No. 10-51 (RMC), ECF No. 542 (D.D.C. Jan. 28, 2016) (finding that the defendant's sentence was not based on a Guidelines range because "the plea agreement did not refer to any sentencing range provided by the Guidelines, and the Guidelines range was not a part of the Court's calculus in determining the sentence"); *United States v. Galaviz*, 130 F. Supp. 3d 197, 202-03 (D.D.C. 2015) (finding that the sentencing judge's discussion of a specific guidelines range at the plea and sentencing hearings showed the sentence was "based on" that range). As discussed, the text of Bethea's plea agreement shows that the parties settled on 84 months for reasons separate and distinct from the Sentencing Guidelines, and the defendant has failed to show that the Court made additional considerations when imposing that particular sentence. As such, the Court finds that the Bethea's original sentence was not "based on" a subsequently-lowered Sentencing Guidelines range; therefore, he is ineligible for a sentence reduction.

6

To undercut this analysis, Bethea primarily argues that his 84-month sentence must have been based on a Sentencing Guidelines range because it was at the very low-end of the relevant range the Court calculated before imposing its sentence. Moreover, defendant looks to the government's original sentencing memorandum, which argues the 84 month sentence was appropriate in part because it was "within his guideline range." Mot. to Reduce Sentence 3-4, ECF No. 243 (quoting Sentencing Memorandum 3, ECF No. 177). Indeed, there is no dispute that the Court calculated Bethea's range to be 84 to 105 months before imposing his 84-month sentence and that the Sentencing Commission has since lowered the that range to 70 to 87 months.

But the fact that the Court imposed a sentence at the low-end of a calculated range is not alone sufficient to show that the sentence was "based on" that range. This principle is demonstrated in *United States v. Moore*, where a defendant entered into a Rule 11(c)(1)(C) agreement and received a mandatory minimum sentence of 120 months after the district court judge calculated his Sentencing Guidelines range to be 108 to 135 months. 930 F. Supp. 2d 141 (D.D.C 2013). Even though the ultimate sentence was within the Guidelines range, the Court ruled that the sentence was "based on the statutory minimum and the parties' agreement, . . . not based on the guidelines." *Id.* at 143-44; *see also United States v. Jones*, 2012 WL 5954183, Crim No. 05-318 (D.D.C. Nov. 27, 2012) (ruling that even though the defendant's negotiated 60-month sentence fell within the Guidelines range of 57 to 71 months, the sentence was not "based on" the sentencing range). Although these cases deal specifically with mandatory minimums, they stand for the proposition that a judge's decision to impose a sentence within a defendant's calculated Guidelines range does not by itself show that the judge's sentence was based on that sentencing range.

In sum, Bethea has not provided sufficient evidence to show the sentencing judge used the Guidelines range as "a relevant part of the analytic framework." *In re Sealed Case*, 722 F.3d 361,

366 (D.C. Cir. 2013). The plea agreement was drafted in such a way to exclude any consideration of the Sentencing Guidelines unless the Court decided not to impose the 84-month prison term, which of was course not the case. Moreover, the parties' agreement was primarily negotiated to resolve all charges against Bethea and his co-defendants—not to ensure adherence to the Sentencing Guidelines. Without additional evidence of the judge's intentions, it is therefore more likely that the sentencing judge accepted Bethea's plea agreement and imposed the 84-month sentence so as to not disrupt the government's efforts to negotiate and enter into a group of interlocking plea agreements—a consideration that has nothing to do with a specific sentencing range. The fact that the sentence was within the calculated Guidelines range is alone insufficient to show that Bethea is eligible for a sentence reduction under § 3582(c)(2).

After considering the motion, the government's response, the federal public defender's filing, the entire record herein, and the applicable law, the Court finds that Bethea is ineligible for sentence reduction and will **DENY** his motion.

**IT IS SO ORDERED** on this 20th day of July, 2016.

_____
Royce C. Lamberth
United States District Judge